# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

STROUSE v. SCHENK et.

Ohio Appeals, 3rd Dist., Paulding Co.

No. 50. Decided Apr. 19, 1928

Before Judges Crow, Hughes & Justice.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1255. WARRANTY—Breach of—1063. Sales —297. Contracts.

1. Purchaser has option, in case of breach of warranty, of terminating contract and returning or tendering back all goods, at place where he had received them from seller, or he may retain goods and sue for damages for breach of warranty.

2. If purchaser retains goods, even though necessity of situation may require him to retain them in his service until he can replace them, his only remedy is damages for breach of warranty.

Error to Common Pleas.
Judgment reversed.

S. S. Beard, Paulding and Ora Wade, Fostoria, for Strouse.

John S. Snook, Paulding, and D. C. Corbett, Payne, for Schenck et.

### FULL TEXT.

HUGHES, J.

The action brought by the plaintiff in this case was in the short form, on an account, with a copy of the account attached to the petition marked Exhibit A, which shows that there was sold to the defendants, a number of gas meters, quantities of four inch, two inch and inch and a quarter pipe; and also small accessories for pipe lines, such as T's, L's, and so forth, with a credit of one thousand dollars in the form of a check, showing a balance due of $8,359.86.

The answer admits the sale of these articles set forth in Exhibit A, except as to a portion of the four inch pipe which they claim was set forth in the exhibit as something over five thousand feet too much.

They aver that when these commodities were purchased, the plaintiff was informed regarding the purpose for which they were to be used, to wit, in a high pressure gas line running from gas wells to the Village of Payne, for the purpose of furnishing and measuring gas to the residents of said village, and that thereupon the plaintiff represented and waranted these meters in good shape and fit for said service.

The defendants further say that these statements and representations were false and known by the plaintiff to be so, and were made to induce defendants to purchase the goods.

It is then averred that a certain number of the meters were returned and accepted by the plaintiff, and that the balance the defendants offered to return and now again offer to return.

Substantially the same averments are set forth in the answer regarding the purchase of the two inch pipe, but further stating that the pipe, upon examination, could not be properly inspected but was put in the pipe lines and in use, and it was then that the defendants ascertained that it was not sound and of good quality.

The answer then sets forth an agreement entered into on the 2nd day of January, 1926, regarding the two inch pipe, which in substance shows that the parties agreed that they would get together and recheck the two inch pipe for serviceability, and that all that was not suitable for the use of the defendants would be returned for credit, the balance to be paid for by the defendants. Defendants say that they have requested the plaintiff to come and re-check this two inch pipe, but he has refused and neglected to comply with the agreement.

After setting forth the defects in the pipe showing its unfitness for the service, follows similar averments regarding the purchase of the four inch pipe. Defendants then say that after laying the four inch pipe in the lines and then discovering its unfitness, that they are about to take it up and cease using it, and replace it with another pipe, and offer to return the same to plaintiff. Then follow some averments regarding extra freight and expenses for labor, which is claimed by defendants as a set-off.

The reply denied these averments, and the case was tried to the court, a jury having been waived.

It will be observed that by the pleadings, it is, briefly stated, an action on account, with an answer admitting the purchase of substantially all the goods claimed to have been sold, but defending upon the ground of a breach of warranty. The case was tried upon the evidence, which we have gone through carefully, in a bill of exceptions of many pages.

Under the laws of our state, the defendant has the option in a case of a breach of warranty, of terminating the contract and returning or tendering back all goods, at the place where he had received them from the seller, or he may retain the goods and sue for his damages for the breach of a warranty.

A careful review of the evidence in connection with the pleadings shows clearly that there was no election upon the part of the defendants to terminate the contract and return the goods, as is required under the law.

The contract of January 2nd, set forth in the pleadings, shows clearly that the defendants did not elect to terminate the contract in whole, but were satisfied to retain all goods that met the specifications of the warranties and representations and return to the plaintiff those goods which did not come up to such representations.

In regard to the four inch pipe, it is clear that at the time of the trial the defendants still had in their possession a portion, if not all, of the four inch pipe. There had been no tender back of the four inch pipe, but it was retained and used by the defendants under the necessities of their situation, until they could replace it with a five inch pipe, which was later done.

There is no evidence in the record to support a finding in favor of the defendants for any amount of damages by reason of the breach of the warranties. The finding in favor of the defendants by the court, was based upon the theory that there had been shown a right to terminate and rescind the contracts, and he was given credit for the return of the goods purchased but was charged with the goods retained and kept by him. There is no evidence in the record to support this finding.

The law as is given to us by our courts, and as is set forth in 24 R. C. L. under the sub-title of Sales—Breach of Warranty, beginning with Section 568, and following, requires the return of the goods or a tender back of the goods purchased in the event of a breach of warranty, within a reasonable time, and rescission of the contract is not available to the purchaser if the goods, even though the necessity of his situation may require him to retain them in his service until he can replace them in the market by others. If he retains them under such circumstances, his only remedy then left, is damages for the breach of the warranty.

It is therefore manifest that the judgment in this case is not supported by the evidence and it must be reversed and the cause remanded for a new trial.